IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROY KORNACKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | |
| ) | **Jury Trial Demanded** |
| HATFIELD PORTFOLIO GROUP, LLC, f/k/a ) | |
| HARBINGER PROCESSING GROUP, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff Roy Kornacki ("Plaintiff") is a natural person who at all relevant times resided in the State of Ohio, County of Stark, and City of Massillon.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Hatfield Portfolio Group, LLC, f/k/a Harbinger Processing Group, LLC ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone on December 16, 2013 and left a voicemail message.

12. In connection with the collection of the Debt, Defendant placed a call to Plaintiff's cellular telephone on February 11, 2014 and left a pre-recorded voicemail message.

13. Defendant's December 16, 2013 and February 11, 2014 voicemail messages failed to notify Plaintiff that the communication was from a debt collector.

14. By failing to disclose that the communication was from a debt collector, Defendant's voicemail messages failed to meaningfully disclose its identity to Plaintiff.

15. Defendant's voicemail messages conveyed a false sense of urgency to Plaintiff.

16. Upon information and belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

17. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

18. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

19. Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

20.     Upon information and belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

21.     Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

22.     Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

23.     Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

24.     Plaintiff repeats and re-alleges each and every factual allegation above.

25.     Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

26. Plaintiff repeats and re-alleges each and every factual allegation above.

27. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)

28. Plaintiff repeats and re-alleges each and every factual allegation above.

29. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

30. Plaintiff repeats and re-alleges each and every factual allegation above.

31. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 9, 2014

           Respectfully submitted,

           Law Offices of Ronald S. Weiss

           /s/ Ronald S. Weiss
           Ronald S. Weiss
           Ohio Bar No. 0076096
           7035 Orchard Lake Road, Suite 600
           West Bloomfield, MI 48322
           RWeiss@ConsumerLawInfo.com
           (888) 595-9111 ext. 230
           (248) 737-8003 Fax
           Counsel for Plaintiff
           Co-counsel with Thompson Consumer
           Law Group, PLLC

           **Correspondence address**

           Thompson Consumer Law Group, PLLC
           5235 E. Southern Ave D106-618
           Mesa, AZ 85206